The defendant Brilliant Homes, Ltd., d/b/a Silhouette Homes, appeals from the trial court's order denying its motion to compel arbitration of claims (breach of warranty, bad faith, fraud, conspiracy to defraud) brought by the plaintiff, Kenneth Lind, Jr. We reverse and remand.
This action arose out of Lind's purchase of a mobile home manufactured by Brilliant Homes. After becoming dissatisfied with the condition of the mobile home and the efforts of Brilliant Homes to correct certain alleged defects, Lind filed this action, alleging in part as follows:
 "2. Plaintiff avers that Defendants . . . made the following representations of material fact to Plaintiff for the purpose of fraudulently inducing Plaintiff to enter into the purchase contract with said Defendants:
 "(a) That Plaintiff's warranty would be in effect immediately upon receipt of the initial payment; *Page 754 
 "(b) That the warranty would protect the Plaintiff from the possibility of problems and the associated expenses with the home;
 "(c) That the home was new and in working order; and,
 "(d) That the home was built in a workman-like manner, finished, trimmed and appliances and parts installed in a manner as one would expect a home to be."
Lind did not allege that he had been fraudulently induced to sign the following arbitration agreement, which was included in one of the sales documents:
 "[A]ll disputes, claims, or controversies of every kind or nature that may arise between the Owner and the Manufacturer, its dealers, officers, agents, or employees shall be settled by binding arbitration. . . . Without limiting the generality of the foregoing, it is the intention of the Owner and the Manufacturer to resolve by binding arbitration all disputes, whether arising out of tort, contract, or otherwise, concerning or related to the manufactured home, its sale, warranties, setup, repair, installation, manufacture, financing, insurance, or condition; the conformity of the manufactured home with the terms of the sale or any warranties; any damage to the manufactured home; the terms and meaning of any of the documents signed by or given to the Owner; any representations, promises, or omissions made concerning the manufactured home or its sale, warranties, setup, repair, installation, manufacture, condition, or financing, or any insurance obtained in connection with the manufactured home; and the validity of this Arbitration Agreement
(hereinafter, the `Agreement').
 ". . . .
 "4. . . . [T]his Agreement is intended to apply to all future and past dealings between the parties."
(Emphasis added.)
After carefully considering the record and the various arguments contained in the briefs, we conclude that the dispositive issue in this case is whether the broad arbitration provision set out above conferred upon the arbitrator or arbitrators the power to decide the preliminary issue of arbitrability. Based on the authority of Allstar Homes,Inc. v. Waters, 711 So.2d 924 (Ala. 1997); Jones v.Merrill Lynch, Pierce, Fenner Smith, Inc.,604 So.2d 332 (Ala. 1991); and First Options of Chicago, Inc. v.Kaplan, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985
(1995), we hold that it did. The arbitration provision is clear, and in unmistakable terms it states that the parties agreed to submit the issue of arbitrability to arbitration. The clear language of this provision prima facie showed that the parties agreed to arbitrate the preliminary issue of arbitrability. Lind presented no evidence rebutting that prima facie showing so as to create a factual issue as to the parties' intent. When there is no genuine issue of fact concerning the formation of an agreement to arbitrate, the court may decide, as a matter of law, that the parties did or did not enter into such an agreement. Allstar Homes, supra.
REVERSED AND REMANDED.
HOOPER, C.J., concurs.
MADDOX, SEE, and LYONS, JJ., concur in the result.
ALMON, SHORES, KENNEDY, and COOK, JJ., dissent.